UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/9/2014

ROBERT SANDERS,

                Plaintiff,

-v-

CITY OF NEW YORK, et al.,

                Defendants.

14 Civ. 6156 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

    Plaintiff Robert Sanders, proceeding *pro se* and *in forma pauperis*, was previously incarcerated at several correctional facilities in New York City. On July 16, 2014, he filed this Complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights and seeking damages. Named as defendants are the City of New York; former New York City Mayor Michael Bloomberg; the New York City Department of Correction ("DOC"); former DOC Commissioner Dora Schriro;[1] Warden Duffy of the George Motchan Detention Center ("GMDC") on Rikers Island; Warden Perino of the Robert N. Davoren Center ("RNDC") on Rikers Island; and Warden Vasquez of the Vernon C. Bain Center ("VCBC") in the Bronx. For the reasons set forth below, the Complaint is dismissed with leave to replead.

---

[1] The Complaint refers to "Commissioner Dora Schrier," whom the Court presumes is, and construes as, former Commissioner Dora Schriro.

## I. Background[2]

Plaintiff's Complaint alleges that beginning with his January 12, 2013 entry into the VCBC, and continuing after his transfer to the GMDC and then to the RNDC, he was provided inadequate mattresses that caused him back, shoulder, hip, and leg pain. The Complaint alleges that the mattresses distributed to prisoners in those DOC facilities were too thin. Dkt. 1 ("Compl."), ¶ 4. The Complaint suggests that the manufacturer's tags attached to those mattresses indicated that it is inadvisable to use those mattresses on steel or metal bed frames, as the DOC did for prisoners. *Id.* The Complaint further alleges that the City of New York and the DOC knew or should have known that the "mattresses were not safe to use for [the] support of [prisoners'] back[s]." *Id.* ¶ 5. According to the Complaint, the only action that mitigated plaintiff's discomfort was placing several blankets on the bed frame before putting a mattress atop the frame and blankets. *Id.* ¶ 6. DOC directives, however, allow a prisoner only one blanket. *Id.*

The Complaint alleges that plaintiff sought medical treatment for his pain and received pain medication, but was not allowed other means to improve his sleeping situation. *Id.* ¶ 8. At one point, plaintiff requested the use of a second mattress, but that request was denied. *Id.* ¶ 11.

More than 90 prisoners have filed *pro se* complaints regarding the beds at the Anna M. Kross Center, another facility that the DOC operates. By order dated February 11, 2013, the Court adopted the Hon. James C. Francis IV's Report and Recommendation dismissing those

---

[2] The account of the underlying facts in this case is drawn from the plaintiff's Complaint. *See* Dkt. 1. At this stage, the Court assumes all well-pled facts to be true and draws all reasonable inferences in favor of the plaintiff. *See Koch v. Christie's Int'l PLC*, 669 F.3d 141, 145 (2d Cir. 2012).

2

actions for failure to state a claim on which relief may be granted. *See Howard v. City of New York*, No. 12 Civ. 4069 (PAE) (JCF), 2013 WL 504164 (S.D.N.Y. Feb. 11, 2013) (Dkt. 23).

## II. Discussion

### A. Standard of Review

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although the law mandates dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (citations omitted).

### B. Eighth Amendment[3]

Plaintiff's Complaint, which is similar to the ones previously before the Court, does not state an Eighth Amendment conditions-of-confinement claim. The Court refers plaintiff to

---

[3] It is not clear whether plaintiff was a pretrial detainee or a sentenced prisoner, but the distinction is immaterial here. Pretrial detainees' constitutional claims are analyzed under the due process clause of the Fourteenth Amendment to the Constitution, rather than the Eighth Amendment. *Benjamin v. Fraser*, 343 F.3d 35, 49 (2d Cir. 2003), *overruled on other grounds by Caiozzo v. Koreman*, 581 F.3d 63 (2d Cir. 2009). Where, as here, plaintiff is alleging deliberate indifference, the analysis under the Fourteenth Amendment is the same as under the Eighth Amendment. *See Caiozzo*, 581 F.3d at 72.

3

Magistrate Judge Francis's Report and Recommendation, a copy of which is attached, for a thorough discussion of the legal issues, but summarizes the analysis here.

To state an Eighth Amendment claim, a plaintiff must show that: (1) objectively, the deprivation he suffered was "sufficiently serious" as to deny him "the minimal civilized measure of life's necessities," and (2) subjectively, the defendants acted with "deliberate indifference," *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991), in that they "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety," *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (quotation omitted). The Eighth Amendment does not require "comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). In the context of the claims that plaintiff attempts to assert, he must allege facts showing that: "(1) he had a pre-existing medical condition requiring a special bed to protect against serious damage to his future health; (2) he made that medical condition known to the prison officials; (3) he requested a special bed to accommodate such medical condition; and (4) his request was denied by an 'official [who knew] of and disregard[ed] an excessive risk to [the plaintiff's] health or safety.'" *Howard v. City of New York*, No. 12 Civ. 4069 (PAE) (JCF), 2012 WL 7050623, at *9 (S.D.N.Y. Dec. 20, 2012) (Dkt. 22) (quoting *Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002) (alteration in original)).[3]

Plaintiff's Complaint fails to allege sufficient, specific facts to satisfy this standard. Although the Complaint arguably satisfies at least the third and fourth conditions, plaintiff does

---

[3] A plaintiff must also comply with Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1), which requires that each allegation be "simple, concise, and direct." A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

4

not describe what his prior injuries are. As currently pled, plaintiff's Complaint therefore fails to state a claim that the bedding provided to plaintiff by the DOC was constitutionally insufficient.

## C. Personal Involvement

In addition, the Complaint does not explain the role each individual defendant played in what occurred. To state a § 1983 claim against an individual defendant, a plaintiff must allege sufficient facts to demonstrate that the defendant was personally and knowingly involved in violating his constitutional rights. *Harris v. Westchester Cnty. Dep't of Corr.*, No. 06 Civ. 2011 (RJS), 2008 WL 953616, at *9 (S.D.N.Y. Apr. 3, 2008) (quoting *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2011)). Personal involvement in a § 1983 violation may be shown by evidence that the official: (1) participated directly in the violation; (2) after learning of the violation, failed to remedy the wrong; (3) created a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in supervising subordinates who caused the unlawful condition or event; or (5) exhibited deliberate indifference by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)[4]; *Washington v. Kelly*, No. 03 Civ. 4638 (SAS), 2004 WL 830084, at *3 (S.D.N.Y. Apr. 13, 2004).

Here, the Complaint alleges that then-Mayor Bloomberg and then-Commissioner Schriro knew, from the tags on the mattresses, that these mattresses should not be used on steel frames. These allegations, however, are conclusory; they lack any "further factual enhancement," *Iqbal*,

---

[4] "Although the Supreme Court's decision in [*Iqbal*, 556 U.S. 662], may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

5

556 U.S. at 678 (citation and internal quotation marks omitted), and thus fail to support a plausible inference that the individual defendants were personally involved in the alleged violations. *See Harris*, 2008 WL 953616, at *9. In addition, the Complaint alleges that three Wardens "failed to address the mattress problem once it was bro[u]ght to their attention, through grievances." Compl. ¶ 17. The Complaint, however, fails to convey to whom plaintiff's grievances were actually made or submitted. Thus, as currently pled, plaintiff fails to state a claim, but it is conceivable that, in an Amended Complaint, plaintiff could allege facts sufficient to state a claim.

### D.  Municipal Liability

The Complaint also fails to state a claim against the City of New York. To state a municipal liability claim under § 1983, "a plaintiff must make factual allegations that support a plausible inference that the constitutional violation took place pursuant to [a municipal policy or custom]." *Missel v. County of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009); *see also Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690–91 (1978). An "official policy" may be implemented through a "'policy statement, ordinance, regulation, or decision'" that is officially promulgated by a municipality's policy makers. *Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell*, 436 U.S. at 690). A "custom," for the purposes of municipal liability, must be so entrenched and well established as to constitute a practice with the force of law. *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004).

The Complaint's allegations that the City of New York does not provide adequate beds arguably describe a municipal policy or custom. However, plaintiff fails to articulate how the policy violates a constitutional right. *See, e.g., Missel*, 351 F. App'x at 545 (stating that the

claimed policy must have caused a constitutional violation). For this reason, the Complaint's allegations, as currently pled, do not state a claim for municipal liability under § 1983.

Finally, the Complaint's claims against the DOC are dismissed because the DOC is not a suable entity. *See* N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999). If plaintiff chooses to replead and assert § 1983 municipal liability claims, he must name the City of New York and not one of its agencies, like the DOC, as a defendant.

## CONCLUSION

Based on the foregoing, the Complaint is dismissed for failure to state a claim on which relief may be granted. The Court grants plaintiff leave to replead should he be able to plausibly allege facts that address the deficiencies discussed above. The Clerk of Court is directed to close this case. The case may be reopened without prejudice if plaintiff files an Amended Complaint within 45 days.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: December 9, 2014
       New York, New York

                                          *Paul A. Engelmayer*
                                          PAUL A. ENGELMAYER
                                          United States District Judge